Terrill GOODS, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2006–CA–001187–MR.

Court of Appeals of Kentucky.

Nov. 2, 2007.

Lisa Bridges Clare, Assistant Public Advocate, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT, TAYLOR, and WINE, Judges.

## OPINION

WINE, Judge.

For purposes of this appeal, the following facts are relevant. On November 18, 2006, a Kenton County grand jury returned an indictment charging Terrill Goods with three counts of first-degree trafficking in a controlled substance and being a persistent felony offender in the second degree (PFO II). Because Goods was indigent, the trial court appointed counsel for him. Thereafter, he filed a motion asking the trial court to allow him to represent himself. The court conducted a hearing, after which it granted the motion.

The matter then proceeded to a jury trial. Goods represented himself with the assistance of standby counsel. At the conclusion of the trial, the jury found Goods guilty on all charges and sentenced him to a total of seven years' imprisonment on the trafficking charges, enhanced to fourteen years by virtue of his status as a PFO II. The trial court imposed the jury's sentence, and this appeal followed.

Goods argues that the trial court failed to sufficiently ascertain that his waiver of his right to counsel was knowingly, intelligently and voluntarily made. Goods concedes that the issue was not properly preserved for review. However, the Kentucky Supreme Court has recognized that the sufficiency of a defendant's waiver of counsel is a structural issue which goes to the fundamental fairness of the proceedings. Therefore, the issue is not subject to harmless error analysis. *Hill v. Commonwealth*, 125 S.W.3d 221, 228–29 (Ky.2004).

The Court in *Hill*, following the dictates of the United States Supreme Court in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), emphasized that the right to counsel contained in the Sixth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution is accompanied by a concomitant right to waive counsel and represent oneself. *Id.* at 225. But, when a defendant unambiguously indicates his desire to exercise this right, the trial court has a duty to establish on the record that the defendant is waiving or limiting his right to counsel voluntarily,

knowingly and intelligently. As the Kentucky Supreme Court held:

> First, the trial court must hold a hearing in which the defendant testifies on the question of whether the waiver is voluntary, knowing, and intelligent.... Second, during the hearing, the trial court must warn the defendant of the hazards arising from and the benefits relinquished by waiving counsel.... Third, the trial court must make a finding on the record that the waiver is knowing, intelligent, and voluntary.... A waiver of counsel is ineffective unless all three requirements are met.

*Id.* at 226 (footnotes and citations omitted).

The proceedings before the trial court met all of these requirements. Goods made an unequivocal request to dismiss his trial counsel and proceed *pro se.* The trial court then conducted a hearing during which it extensively questioned Goods about his desire to represent himself. Goods stated that he had no emotional illnesses or major medical conditions. He acknowledged that he had no legal training, but stated that he was literate, that he had received his GED and was taking some college classes. Goods also informed the court that he had a law book from which he had filed several *pro se* motions. He expressed his concerns that his appointed attorneys were not adequately preparing for trial.

The court strenuously warned Goods of the hazards of representing himself, and made it clear that Goods would be subject to all applicable rules of evidence and procedure. In addition, the trial court informed Goods that it would make sure that his counsel was ready by the time of trial. Nevertheless, Goods insisted that he wanted to represent himself. Thereafter, the trial court made oral and written findings that Goods had made a knowing, voluntary and intelligent waiver of his right to counsel.

Goods complains that the trial court never explicitly determined the depth of his legal knowledge. However, a defendant's lack of legal expertise is irrelevant to this inquiry. *Faretta v. California,* 422 U.S. at 835, 95 S.Ct. at 2541. *Faretta* and *Hill* require only that he make a knowing and voluntary waiver of the benefits associated with appointed counsel. *Id.* Based on Goods' statements at the hearing, the trial court did not clearly err in finding that he had made a knowing, intelligent and voluntary waiver of his right to counsel.

Finally, Goods points to his statements at the hearing and at other pretrial hearings that he wanted to employ private counsel but could not afford to do so. Goods sought to recover money which had been posted or seized in another case. He contends that his inability to recover this money forced him to proceed *pro se.* However, we agree with the trial court that the motion was not properly raised in this action. Consequently, the trial court was not obligated to pursue the matter itself or to direct standby counsel to take up the issue in the other action.

Accordingly, the judgment of conviction of the Kenton Circuit Court is affirmed.

ALL CONCUR.